[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11284

_____

D.C. Docket No. 8:08-cv-01189-EAK-AEP

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2012
JOHN LEY
CLERK

DREAM CUSTOM HOMES, INC.,

                                                    Plaintiff-Appellant,

versus

MODERN DAY CONSTRUCTION, INC.,
a Florida Corporation,
ANTHONY PIARULLI,
an individual,
PAR CUSTOM DRAFTING, INC.,
a Florida corporation,
PHILLIP ROUSH,
an individual,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 17, 2012)

Before EDMONDSON, KRAVITCH, and FARRIS,[*] Circuit Judges.

FARRIS, Circuit Judge:

Dream Custom Homes sued Modern Day, PAR Custom Drafting, Phillip Roush, and Anthony Piarulli for violating the Copyright Act by infringing its copyrights in architectural works and drawings. The district court granted defendants' motions for summary judgment. Dream Custom Homes argues that the district court erred (1) in the substantial similarity portion of its copyright infringement analysis; (2) in not applying the "inverse ratio rule" to reduce the proof necessary to show substantial similarity; (3) in not taking judicial notice of prior allegations of copyright infringement to reduce the proof necessary to show substantial similarity; and (4) in not allowing Dream Custom Homes to supplement its response to defendants' motions for summary judgment. We affirm.

I

We review the district court's decision to grant summary judgment *de novo*, "viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Cruz v. Publix Super Mkts., Inc.*, 428 F.3d 1379, 1382 (11th

---

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Cir. 2005) (quoting *Strickland v. Water Works and Sewer Bd. of the City of Birmingham*, 239 F.3d 1199, 1203 (11th Cir. 2001)).

Congress granted copyright protection to architectural works and architectural drawings under 17 U.S.C. §§ 102(a)(8) and 102(a)(5), respectively. A plaintiff in a copyright case must have a valid copyright and show that original elements of the protected work were copied. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S.Ct. 1282 (1991). The copying analysis has two parts: whether as a factual matter the defendant copied portions of the protected work, and whether as a mixed question of fact and law the copied elements are protected expression. *Peter Letterese and Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1300 (11th Cir. 2008).

Factual copying may be inferred by establishing that the works are "strikingly similar" or by establishing access and probative similarity. *Id.* at 1300-1; *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1248 (11th Cir. 1999). Probative similarity requires that "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Peter Letterese*, 533 F.3d at 1301 n. 16.

For the protected expression analysis, a plaintiff must show that there is substantial similarity between the defendant's work and the original, protected

3

elements of the copyrighted work. *Peter Letterese*, 533 F.3d at 1301. "[A]t the level of protected expression," only the arrangement and coordination of common elements in architectural works is protected, not the common elements themselves. *Intervest Constr., Inc. v. Canterbury Estate Homes, Inc.*, 554 F.3d 914, 919 (11th Cir. 2008).

Summary judgment is appropriate in copyright infringement cases where the similarities between works "concern[] only non-copyrightable elements of the plaintiff's work." *Peter Letterese*, 533 F.3d at 1302. This is true where, although there may be proof of access and "substantial similarity with respect to the non-copyrightable elements of the" works, "there is substantial dissimilarity" with respect to the protectable elements. *Intervest*, 554 F.3d at 920.

Dream Custom Homes argues that the district court showed that it improperly analyzed infringement at the level of protected expression when it called infringement a question of fact. The district court, however, appropriately performed the substantial similarity analysis by separating what was protectable expression from what was not protectable and by examining the similarities and dissimilarities with respect to the protectable elements. As in *Intervest*, "the district court correctly determined that the differences in the protectable expression were so significant that, as a matter of law, no reasonable properly-

instructed jury of lay observers could find the works substantially similar." 554 F.3d at 921. The district court properly granted summary judgment.

## II

Dream Custom Homes argues that the trial court erred in not applying the inverse-ratio rule, under which the proof of substantial similarity necessary to find infringement decreases with increasing proof of access. In *Beal v. Paramount Pictures Corp.*, we noted that we had never applied the inverse-ratio rule. 20 F.3d 454, 460 (11th Cir. 1994). As the inverse-ratio rule is not the law of this circuit, the district court did not err in not applying it.

## III

Dream Custom Homes contends that the district court erred in not taking notice of defendants' purported prior acts of infringement to lower the substantial similarity threshold. Dream Custom Homes points to the use of prior act evidence to show intent in trademark law and to the use of prior act evidence to show willfulness in determining statutory damages under other causes of action as evidence of the propriety of using prior act evidence here. The analogy to trademark law is not relevant as likelihood of confusion is not an element of a copyright action, however. Moreover, the use of prior act evidence in determining damages does not support the use of prior act evidence to lower the threshold for

proof of *liability*.  Prior act evidence is not admissible to prove character to demonstrate action in conformity with that character.  Fed. R. Evid. 404.  The district court was correct in not taking notice of purported prior acts to lower the threshold for substantial similarity.

## IV

When a party must act within a specified period of time, the district court may extend that time.  Fed. R. Civ. P. 6(b)(1).  We review the district court's decision for abuse of discretion.  *Young v. City of Palm Bay*, 358 F.3d 859, 863-4 (11th Cir. 2004).  We will affirm when the district court has a range of options and its choice is not a clear error in judgment.  *Id*.

Dream Custom Homes argues that the district court erred in not granting its motion for leave to supplement its response to the motions for summary judgment. The district court decided whether to grant the motion using the standard for excusable neglect given in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489 (1993): the circumstances around the omission, the danger of prejudice to the non-moving party, the length of the delay and its impact on the proceedings, the reason for the delay, whether the delay was within the control of the moving party, and whether the moving party acted in good faith.  *Id*. at 395.  The district court analyzed these

factors and denied the motion, concluding that Dream Custom Homes had not established excusable neglect.

Dream Custom Homes had ample opportunity to respond to the motions for summary judgment, and it did not indicate in its responses that it would need additional time to file a complete response. The time for discovery and to file substantive motions had already been extended by almost six months. Dream Custom Homes had reasonable control over obtaining the documents earlier, and it did not explain to the district court its delays or why another response and more documents were necessary. The district court had legitimate time-management reasons for enforcing its deadlines. The decision to reject Dream Custom Home's motion does not constitute clear error of judgment. There was no abuse of discretion.

AFFIRMED.